FILED

NOT FOR PUBLICATION

DEC 08 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NARINDER SINGH; KULWANT KAUR; SANDEEP SINGH; NAVNEET SINGH, | No. 06-72475 |
| Petitioners, | Agency Nos.  A070-669-362<br>A070-669-363<br>A070-669-364<br>A070-669-365 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 2, 2010
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and DUFFY, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Petitioners Narinder Singh, Kulwant Kaur, Sandeep Singh, and Navneet Singh (collectively, "Petitioners"),[1] citizens of India, petition for review of the final order of the Board of Immigrations Appeals (the "BIA") denying their motion to reopen based on allegedly new, material evidence undiscoverable at the time of his deportation hearing. Because the BIA did not abuse its discretion in denying Petitioners' motion to reopen, the petition is DENIED.

                            Standard of Review

This court has jurisdiction over Petitioners' petition for review pursuant to 8 U.S.C. § 1252.[2] We review BIA rulings on motions to reopen for abuse of discretion and will reverse only if the BIA acted arbitrarily, irrationally, or contrary to law. Mohammed v. Gonzales, 400 F.3d 785, 791 (9th Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. Id. at 791–92.

---

[1] This memorandum refers to Petitioners collectively. Petitioners are husband and wife, along with their two children, and their motion to reopen claims for relief and protection all derive from Narinder Singh.

[2] Petitioners contend that the pre-Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") regulations concerning motions to reopen should apply to their case because Petitioners' order to show cause, initiating removal proceedings, was issued prior to the April 1, 1997 effective date of IIRIRA. With respect to this court's jurisdiction, Petitioners concede that pursuant to the REAL ID Act of 2005 (the "REAL ID Act"), this court's jurisdiction is now based on 8 U.S.C. § 1252 rather than pre-IIRIRA 8 U.S.C. § 1105a(a); see also Sotelo v. Gonzales, 430 F.3d 968, 970 (9th Cir. 2005). Regardless, as Petitioners also concede, this court's standard of review for motions to reopen remains the same.

2

## A. Both The Pre-IRRIRA Standard And 8 C.F.R. § 1003.2 Require Evidence That Is Material And Not Available At The Former Hearing

As Petitioners conceded at oral argument, any distinction between the pre-IRRIRA standard and 8 C.F.R. § 1003.2 is of no consequence in this case, as both require that the evidence sought to be offered for a motion to reopen is material and was not available at the hearing before the Immigration Judge (IJ).

In making such a determination, "the BIA is obligated to consider and address in its entirety the evidence submitted by a petitioner." Mohammed, 400 F.3d at 793 (citation omitted). However, it is the alien who bears the burden of overcoming a presumption that the BIA did consider all of the record evidence in reaching a finding. See Fernandez v. Gonzales, 439 F.3d 592, 603–04 (9th Cir. 2006).

## B. Substantial Evidence Supports The BIA's Conclusion That Evidence In Support of Petitioner's Motion to Reopen Was Either Not Unavailable or Not Material

Substantial evidence supports the BIA's conclusion that the evidence in support of Petitioners' motion to reopen was either available or not material. The majority of Petitioners' proffered "new" evidence is comprised of various affidavits

3

and declarations, all of which provide information that was either available at the time of the initial hearing or is not material.

First, Exhibit C is an undated affidavit from Kabal Singh. An affidavit apparently from the same individual, although his name was spelled slightly differently, was in the record before the IJ in Petitioners' original deportation proceeding. Next, Exhibit D is an affidavit provided by Narinder Singh's mother offered to rebut the BIA's conclusion that she had lived in India for eleven years, as of 2003, without incident, which was also available at the time of Petitioners' hearing before the IJ since Narinder Singh was in contact with his mother throughout that time. Third, the information in Kulwant Kaur's declaration, Exhibit E, was clearly available during the deportation hearing because, as Narinder Singh's wife and a co-petitioner, she was present during the hearing and could have testified. Exhibit F, an affidavit of Baljinder Singh, dated June 17, 2005, repeated information in Narinder Singh's mother's affidavit that was available at the hearing. Exhibit G, an affidavit from Narinder Singh himself, dated December 1, 2005, also contains information that was available at the time of his deportation hearing.

Further, the information in Petitioners' other "new" evidence, consisting of documents written by various non-governmental organizations, dated from 2003 to 2005, provide general background information of the then-current country conditions in India. This evidence is not material, as the documents detail the same

4

conditions that Petitioners describe experiencing in India before their departure in 1992. Accordingly, the BIA properly denied Petitioners' motion to reopen, as all of Petitioners' proffered "new" evidence was either available at the time of the former hearing or immaterial. See Matter of Coelho, 20 I & N. Dec. 464, 472 (1992) ("[T]he Board must deny a motion to reopen in the absence of previously unavailable, material evidence.").

PETITION DENIED.